Revlom Associates LLC, Petitioner-Respondent, 
against
Ayelet Raymond, Respondent-Appellant.




Tenant appeals from (1) an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated July 10, 2018, which denied her motion to vacate a default final judgment in a nonpayment summary proceeding, and (2) an order of the same court (Kimon C. Thermos, J.), dated August 31, 2018, denying her motion, in effect, for renewal of the prior motion.




Per Curiam.
Orders (Jack Stoller, J.), dated July 10, 2018 and (Kimon C. Thermos, J.), dated August 31, 2018, affirmed, without costs.
Civil Court providently exercised its discretion in denying tenant's motion to vacate her default, since she did not demonstrate a reasonable excuse for her failure to appear on the adjourned trial date (see 160-62 East 2nd St. H.D.F.C. v Beaumont, 29 Misc 3d 138[A], 2010 NY Slip Op 52037[U] [App Term, 1st Dept 2010]; Ursula Realty Corp. v Kirnon, 20 Misc 3d 142[A], 2008 NY Slip Op 51692[U] [App Term, 1st Dept 2008]). Tenant's proffered excuse, regarding a purported college final examination on the date of trial was unsubstantiated (see Mosaleva v Jerome Ave. Tenants HDFC, 48 Misc 3d 130[A], 2015 NY Slip Op 51002[U] [App Term, 1st Dept 2015]) and unreasonable in the particular circumstances, and the varying excuses she offered on subsequent applications were conflicting and implausible (see Hazell v Joseph, 13 Misc 3d 129[A], 2006 NY Slip Op 51760[U] [App Term, 1st Dept 2006]; 1864 7th Ave. HDFC v Griffin, 6 Misc 3d 137[A], 2005 NY Slip Op 50316[U] [App Term, 1st Dept 2005]). In addition, tenant refused multiple opportunities subsequently provided by Civil Court to obtain vacatur relief by tendering arrears without prejudice and was ultimately evicted more than one year ago.
We have examined all of tenant's contentions on appeal and find them unpersuasive. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 25, 2019